UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-01026-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED AGAINST DEFENDANT AND CLAIM FOUND COGNIZABLE<br><br>[ECF No. 1] |

Plaintiff Randy Stoops is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

Currently before the Court is Plaintiff's complaint, filed July 15, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

---

[1] Plaintiff declined United States Magistrate Judge jurisdiction on August 12, 2016. (ECF No. 8.)

1

against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Warden Stuart Sherman, Captain A. Moreno, Lieutenant E. Williams, Sergeant A. Jones, and Officers R. Braggs, A. Wilson, and M. Dean, as Defendants.

On March 21, 2016, Warden Sherman moved Plaintiff (and several other wheelchair inmates) from G yard to F yard which had a number of ADA issues that needed to be addressed.

Plaintiff contacted the prison law office, and on March 27, 2016, officials from the office went to the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) and spoke with Plaintiff.

1  On March 28, 2016, officials from the prison law office went back to SATF and identified all
2  the issues that SATF was to address, yet no action was taken.
3  On April 22, 2016, Plaintiff was injured when his wheelchair hit a four inch hole that ejected
4  him from his wheelchair. There were signs on the yard which clearly state "wheelchair accessible,"
5  when in fact it is not. Warden Stuart Sherman failed in his duty to keep the yards at SATF safe.
6  Lieutenant Williams walks the yard and failed in his chain of command to keep the yard in a safe
7  condition for wheelchairs to enter a clear path of travel. Officer Wilson told Plaintiff the holes been
8  on the yard for years. Officer Braggs was ten feet away from Plaintiff when he was injured and was
9  an eyewitness to the event. Braggs was also aware of these existing hazards and failed to follow
10 protocol by reporting the hazards. Prior to this incident, Captain Moreno had walked the yard
11 numerous times and failed in the chain of command to ensure the yard was wheelchair complaint.
12 Officer M. Dean was also an eyewitness to Plaintiff's incident and injuries.
13 Only after Plaintiff's injury did SATF address the hazards, but SATF "should have made sure
14 this yard was in fact wheelchair safe before any injury occurred by walking the yard not assuming it
15 was because the signs stated the yard was wheelchair safe and ADA compliant." Plaintiff contends
16 that prison officials knowledge of the unsafe conditions on G yard violated his Fourteenth Amendment
17 right to personal protection.

## III.

## DISCUSSION

**A.  Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v.

Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

On the form complaint, Plaintiff checks the box "yes" in response to the question, "[a]re there any administrative remedies (grievance procedures or administrative appeals) available at your institution? Plaintiff also checked the box "yes" in response to the question, "[d]id you submit a request for administrative relief on Claim I? However, Plaintiff checked the box "no" in response to the question, "[i]f you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not." (ECF No. 1, at pp. 3-5.)

Plaintiff is advised that he must exhaust the available administrative remedies prior to filing suit as to all claims, even those for monetary damages. See Booth v. Churner, 532 U.S. 731, 741 (2001) (noting exhaustion of administrative remedies under the PLRA is mandatory, regardless of the relief offered and sought.) In addition, a prisoner must exhaust the administrative remedies prior to filing his complaint in federal court. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). Plaintiff is advised that any claims not exhausted through the available administrative remedies may be subject to dismissal without prejudice.[2]

**B. Americans with Disabilities Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs,

---

[2] The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Thus, inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Albino holds that, in general, the defense should be brought as a Rule 56 motion for summary judgment, unless in the rare event that the prisoner's failure to exhaust is clear on the face of the complaint. Id. at 1168-1169, 1171.

or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo Cnty., 609 F.3d at 1022.

Plaintiff must name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Haw. Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

At the pleading stage, Plaintiff's allegation that there was not a clear and safe path of travel for him to access the exercise yard by use of his wheelchair, is sufficient to give rise to a claim under the ADA against Defendant Warden Stuart Sherman only in his official capacity.

**C.  Deliberate Indifference**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347)

5

(quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations fail to demonstrate a cognizable claim for deliberate indifference under the Eighth Amendment. Plaintiff has not alleged sufficient factual allegations to demonstrate that any of the named Defendants had actual, not speculative, knowledge of a substantial risk of harm to Plaintiff's safety and disregarded such risk. Plaintiff will be given leave to amend. If an amended complaint is filed, Plaintiff must demonstrate that each Defendant knowingly disregarded an excessive risk of harm to Plaintiff. It is not sufficient to simply allege that Defendant "should have known" or "possibly knew" that Plaintiff would be injured by a pot hole on the yard. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

**D.      Negligence**

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

6

Plaintiff has not pled compliance with the California Government Claims Act,[3] which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov. Code §§ 905.2, 911.2, 945.2, 950.2; <u>Munoz v. California</u>, 33 Cal.App.4th 1767, 1776 (1995). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal.4th 201, 208-09 (Cal. 2007); <u>State v. Superior Court of Kings Cnty. (Bodde)</u>, 32 Cal.4th 1234, 1239 (Cal. 2004); <u>Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101, 1111 (9th Cir. 2001); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). Thus, in order to state a tort claim against a public employee, Plaintiff must allege compliance with the Government Claims Act and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims. <u>Shirk</u>, 42 Cal.4th at 209; <u>Bodde</u>, 32 Cal.4th at 1239; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988). Therefore, the Court declines to analyze Plaintiff's negligence claim because he not pled compliance with the California Government Claims Act.

## IV.
## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable ADA claim against Defendant Warden Stuart only. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim under the ADA against Defendant Stuart, Plaintiff may so notify the Court in writing, and the Court will dismiss the other claims and Defendants, and will forward Plaintiff a summons and a

---

[3] Formerly known as the California Tort Claims Act. <u>City of Stockton v. Superior Court</u>, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Stuart for a violation under the ADA; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **December 20, 2016**

UNITED STATES MAGISTRATE JUDGE