UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-01026-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ALL CLAIMS AND DEFENDANTS, EXCEPT PLAINTIFF'S ADA CLAIM AGAINST DEFENDANT SHERMAN<br><br>[ECF Nos. 1, 10, 11] |

　　　Plaintiff Randy Stoops is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

　　　On December 20, 2016, the Court screened Plaintiff's complaint and found that it stated a cognizable claim under the Americans with Disabilities Act against Defendant Stuart Sherman only. It did not state any other claims, and Plaintiff was ordered to file an amended complaint, or notify the Court of his willingness to go forward only on the ADA claim against Defendant Sherman.

---

[1] Plaintiff declined United States Magistrate Judge jurisdiction on August 12, 2016. (ECF No. 8.)

1

On December 30, 2016, Plaintiff notified the Court that he wished to go forward only on the ADA claim against Defendant Sherman. The Court now issues these Findings and Recommendations based on Plaintiff's decision.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Warden Stuart Sherman, Captain A. Moreno, Lieutenant E. Williams, Sergeant A. Jones, and Officers R. Braggs, A. Wilson, and M. Dean, as Defendants.

On March 21, 2016, Warden Sherman moved Plaintiff (and several other wheelchair inmates) from G yard to F yard which had a number of ADA issues that needed to be addressed.

Plaintiff contacted the prison law office, and on March 27, 2016, officials from the office went to the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) and spoke with Plaintiff.

On March 28, 2016, officials from the prison law office went back to SATF and identified all the issues that SATF was to address, yet no action was taken.

On April 22, 2016, Plaintiff was injured when his wheelchair hit a four inch hole that ejected him from his wheelchair. There were signs on the yard which clearly state "wheelchair accessible," when in fact it is not. Warden Stuart Sherman failed in his duty to keep the yards at SATF safe. Lieutenant Williams walks the yard and failed in his chain of command to keep the yard in a safe condition for wheelchairs to enter a clear path of travel. Officer Wilson told Plaintiff the holes been on the yard for years. Officer Braggs was ten feet away from Plaintiff when he was injured and was an eyewitness to the event. Braggs was also aware of these existing hazards and failed to follow protocol by reporting the hazards. Prior to this incident, Captain Moreno had walked the yard numerous times and failed in the chain of command to ensure the yard was wheelchair complaint. Officer M. Dean was also an eyewitness to Plaintiff's incident and injuries.

Only after Plaintiff's injury did SATF address the hazards, but SATF "should have made sure this yard was in fact wheelchair safe before any injury occurred by walking the yard not assuming it was because the signs stated the yard was wheelchair safe and ADA compliant." Plaintiff contends that prison officials knowledge of the unsafe conditions on G yard violated his Fourteenth Amendment right to personal protection.

///

///

3

## III.

## DISCUSSION

### A. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

On the form complaint, Plaintiff checks the box "yes" in response to the question, "[a]re there any administrative remedies (grievance procedures or administrative appeals) available at your institution? Plaintiff also checked the box "yes" in response to the question, "[d]id you submit a request for administrative relief on Claim I? However, Plaintiff checked the box "no" in response to the question, "[i]f you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not." (ECF No. 1, at pp. 3-5.)

Plaintiff is advised that he must exhaust the available administrative remedies prior to filing suit as to all claims, even those for monetary damages. See Booth v. Churner, 532 U.S. 731, 741 (2001) (noting exhaustion of administrative remedies under the PLRA is mandatory, regardless of the

relief offered and sought.)  In addition, a prisoner must exhaust the administrative remedies prior to filing his complaint in federal court.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  Plaintiff is advised that any claims not exhausted through the available administrative remedies may be subject to dismissal without prejudice.[2]

### B.    Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II applies to the services, programs, and activities provided for inmates by jails and prisons.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609 F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability."  Simmons v. Navajo Cnty., 609 F.3d at 1022.

Plaintiff must name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities.  Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Haw. Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005).   Individual

---

[2] The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  Thus, inmates are not required to specifically plead or demonstrate exhaustion in their complaints.  Albino holds that, in general, the defense should be brought as a Rule 56 motion for summary judgment, unless in the rare event that the prisoner's failure to exhaust is clear on the face of the complaint.  Id. at 1168-1169, 1171.

liability is precluded under the ADA.  Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

At the pleading stage, Plaintiff's allegation that there was not a clear and safe path of travel for him to access the exercise yard by use of his wheelchair, is sufficient to give rise to a claim under the ADA against Defendant Warden Stuart Sherman only in his official capacity.

### C.      Deliberate Indifference

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  See, e.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations fail to demonstrate a cognizable claim for deliberate indifference under the Eighth Amendment.  Plaintiff has not alleged sufficient factual allegations to demonstrate that any of the named Defendants had actual, not speculative, knowledge of a substantial risk of harm to

Plaintiff's safety and disregarded such risk.  Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

### D.     Negligence

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Plaintiff has not pled compliance with the California Government Claims Act,[3] which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov. Code §§ 905.2, 911.2, 945.2, 950.2; Munoz v. California, 33 Cal.App.4th 1767, 1776 (1995).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Thus, in order to state a tort claim against a public employee, Plaintiff must allege compliance with the Government Claims Act and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims.  Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  Therefore, the Court declines to analyze Plaintiff's negligence claim because he has not pled compliance with the California Government Claims Act.

///

///

---

[3] Formerly known as the California Tort Claims Act.  City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

## IV.

## FINDINGS AND RECOMMENDATIONS

Plaintiff's complaint states a cognizable ADA claim against Defendant Warden Stuart only, and it shall proceed on this claim only.  Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants, and all other claims and Defendants should be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21)** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 4, 2017**

UNITED STATES MAGISTRATE JUDGE