# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS,<br><br>    Plaintiff,<br><br>    v.<br><br>STUART SHERMAN,<br><br>    Defendant. | Case No.: 1:16-cv-01026-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 26] |

Plaintiff Randy Stoops is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, This matter was referred was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Defendant's motion for summary judgment, filed August 10, 2017.

## I.
## PROCEDURAL HISTORY

This action is proceeding on Plaintiff's Americans with Disabilities Act and negligence claims against Defendant Stuart Sherman.

On July 17, 2017, Defendant Sherman filed an answer to the complaint. On July 19, 2017, the Court issued the discovery and scheduling order.

1

As previously stated, on August 10, 2017, Defendant Stuart Sherman filed a motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff did not file an opposition and the time to do so has passed.[1] Accordingly, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A.  Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce

---

[1] Concurrently with the motion for summary judgment, Defendant served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998). (ECF No. 26-2.)

evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

///
///
///

# III.

# DISCUSSION

## A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

## B. Summary of Allegations Underlying Plaintiff's Constitutional Claims

On March 21, 2016, Warden Sherman moved Plaintiff (and several other wheelchair inmates) from G yard to F yard which had a number of ADA issues that needed to be addressed.

Plaintiff contacted the prison law office, and on March 27, 2016, officials from the office went to the Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) and spoke with Plaintiff.

On March 28, 2016, officials from the prison law office went back to SATF and identified all the issues that SATF was to address, yet no action was taken.

4

On April 22, 2016, Plaintiff was injured when his wheelchair hit a four inch hole that ejected him from his wheelchair. There were signs on the yard which clearly state "wheelchair accessible," when in fact it is not. Warden Stuart Sherman failed in his duty to keep the yards at SATF safe. Only after Plaintiff's injury did SATF address the hazards, but SATF "should have made sure this yard was in fact wheelchair safe before any injury occurred by walking the yard not assuming it was because the signs stated the yard was wheelchair safe and ADA compliant."

### C. Defendant's Statement of Undisputed Facts[2]

1. At all times relevant to this lawsuit, Plaintiff was an inmate housed at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California. (Complaint, ECF No. 1.)

2. On July 15, 2016, Plaintiff submitted a CDCR Form 1824, Reasonable Accommodation Request, alleging that he was injured on April 22, 2016 due to a hazard on F yard. (Declaration of J. Zamora, Ex. A.)

3. On August 5, 2016, the SATF Reasonable Accommodation Panel (RAP) responded to Plaintiff's request and informed him that if he was dissatisfied with the response he could file an administrative grievance. (Declaration of J. Zamora, Ex. A.)

4. Plaintiff never filed an administrative grievance with respect to the RAP response to his reasonable accommodation request submitted on July 15, 2016. (Declaration of J. Zamora, ¶ 8.)

5. Plaintiff has never submitted any administrative grievance relating to his allegations in this lawsuit to the highest level of review. (Declaration of M. Voong, ¶ 5; Declaration of J. Lewis, ¶ 11.)

6. Prior to his July 15, 2016 Reasonable Accommodation Request, Plaintiff did not submit any other appeals related to his alleged injury on April 22, 2016. (Declaration of J. Zamora, ¶ 8.)

7. Plaintiff filed his original complaint in this matter on July 15, 2016. (ECF No. 1.)

///

---

[2] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 260(b). Therefore, defendant's statement of undisputed facts is accepted except where brought into dispute by plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

**D. Findings on Defendant's Motion**

Defendant argues that it is undisputed that Plaintiff has never submitted any administrative grievance relating to his allegations in this lawsuit to the highest level of review.

In his complaint, Plaintiff acknowledges that there was an administrative grievance process available at SATF; however, he contends "the institutional appeal process was not made available to me. I was rejected cancelled and told my font size was not appropriate when I informed them of my intent to file a claim SATF made the institutional appeal process unavailable to me even after 4 or 5 attempts. Because of my intent to file my claim/rejected, cancelled." (Complaint, ECF No. 1 at 3-4.)

As previously stated, Plaintiff alleges that he was injured when his wheelchair hit a hole in the ground and ejected him. (ECF No. 1 at 4.) The alleged injury took place on April 22, 2016. (Id.) Defendant submits evidence that Plaintiff did not file any appeal or request related to April 22, 2016 injury until July 15, 2016, when he submitted a Reasonable Accommodation Request alleging this injury. (UDF 2, 6.)[3] Plaintiff also filed the original complaint in this action on that same date. (UDF 7.) As set forth above, CDCR institutional maintain an inmate grievance system and Plaintiff admits there were administrative remedies available at SATF.[4] (ECF No. 1 at pp. 4-6.) In addition, Plaintiff admits that he did not submit an appeal to the third level of review relevant to the claims in his complaint.[5] (Id.) Based on the evidence presented by Defendant, Plaintiff failed to file any relevant appeals prior to filing the instant action, and Plaintiff was provided with the ability to avail himself of the administrative appeal process at SATF, but simply chose to bypass the process and file suit prematurely. Plaintiff has failed to meet his burden in demonstrating that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Albino, 747 F.3d at 1172. Accordingly, Defendant's motion for summary judgment should be granted, and the instant action must be dismissed, without prejudice. See

---

[3] "UDF" refers to the Statement of Undisputed Facts set forth above in section C.

[4] On the complaint form, in response to the question, "Are there any administrative remedies available at your institution?", Plaintiff responded "Yes." (ECF No. 1 at pp. 4-6.)

[5] On the complaint form, in response to the question, "Did you appeal your request for relief on Claim I to the highest level?", Plaintiff responded, "No." (Id.)

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (an inmate must exhaust the available administrative remedies before he filed suit, even if the inmate fully exhausts while the suit is pending); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (same).

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be granted; and
2. The instant action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 22, 2017**

UNITED STATES MAGISTRATE JUDGE